[Civ. No. 1850. First Appellate District.—May 13, 1918.]

M. FLEISHHACKER, Respondent, v. JAMES MORAN et al., Appellants.

LANDLORD AND TENANT—ACTION FOR RENT UNDER WRITTEN LEASE— LATENT DEFECT IN PREMISES AS DEFENSE—JUDGMENT ON PLEAD- INGS.—In an action for rent under a lease stipulating that the premises were in a good and tenantable condition, judgment for plaintiff was properly given on the pleadings where the answer did not deny that the rent was due, but set up the existence of a latent defect unknown to the lessees at the time of the execution of the lease, without, however, any showing that the defect might not have been discovered, or any attempt to reform the lease on the ground of fraud or mistake.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Leon Samuels, and Joseph L. Taaffe, for Appellants.

Lilienthal, McKinstry & Raymond, for Respondents.

THE COURT.—In this action for rent, plaintiff leased cer- tain premises to the defendants, Moran and Nelson, to be used as a saloon, defendant Brewing Company being surety on the lease. One of the clauses of the lease reads as follows: "It is further agreed that the premises are now in a tenantable and good condition, and are fit for the purposes for which they are hereby leased, and that they shall be kept in good condition by and at the expense of the lessees, during the term of this lease. . . . " The answer did not deny that the rent sued

for was due, but alleged the existence of a latent defect in the premises which was not known to the defendants at the time that the property was leased. There is absolutely no showing in the answer that the defect referred to might not have been discovered prior to the making of the stipulation above quoted, and there is no attempt in the pleadings to reframe the lease on the ground of mistake or fraud. Under these circumstances it is clear that the defendants are bound by their stipulation and that the lower court properly gave its judgment for plaintiff on the pleadings.

Judgment affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 11, 1918.